Otto Lietz, Appellee, v. Chicago City Railway Company, Appellant.

## Gen. No. 15,478.

1. PASSENGER AND CARRIER—*what not contributory negligence.* It is not contributory negligence as a matter of law for a passenger to stand upon a platform of a moving street car even though there is ample room inside the car.

2. PASSENGER AND CARRIER—*when negligence established.* Held, under the evidence, that the verdict finding negligence was justified where a passenger standing upon the platform of a street car was thrown and injured by reason of the lurching of the car in making a switch without slowing down.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed May 31, 1911.

JAMES MAHER and FERDINAND GOSS, for appellant.

EDWARD R. LITZINGER, for appellee.

MR. JUSTICE BALDWIN delivered the opinion of the court. This action was brought in the Superior Court of Cook

county to recover damages for personal injuries sustained by plaintiff on account of the alleged negligence of defendant street railway company in the operation of one of its cars, while plaintiff was riding on the rear platform of said car.

A jury trial was had which resulted in a verdict for plaintiff for $1,400. The court overruled a motion for a new trial, and entered judgment on the verdict, and defendant appeals to this court.

The declaration contains two counts, the first alleging that on July 24, 1906, the defendant was operating a street railway in Chicago on Western avenue between Archer avenue and Sixty-ninth street; that, while the car was at a standstill at the northern terminus just south of Archer avenue, plaintiff boarded the car and became a passenger to be carried in a southerly direction; that the car was standing on the easterly or north-bound track, and while plaintiff was using due care for his own safety, the car was operated over a switch to the westerly or south-bound track, and while being so operated, the defendant caused it to be run at a high rate of speed, and when it reached the westerly track, it swung with a jerk, jar and jolt, whereby plaintiff was thrown from the car into the street and sustained severe injuries.

The second count alleges that defendant was operating a street railway on Western avenue with its northern terminus at Archer avenue; that at said northern terminus there was a switch track connecting the easterly or north-bound and the westerly or south-bound track; that on said day plaintiff became a passenger on one of the cars while it was standing on the easterly or north-bound track; that after becoming such passenger and while he was standing on the rear platform of the car, defendant carelessly caused the car to run across the switch from the easterly to the westerly track, and when the car reached the westerly track the great speed at which it was going caused the car to swing with a jerk and jolt, as a result of which plaintiff, while using due care for his own safety, was thrown from the car, etc.

Plaintiff himself testifies that, after boarding the platform of the car, his attention was attracted by a conversa-

tion between the conductor of this car and another person in regard to a fight which, it was claimed, had taken place on the car ahead; that when the conductor jumped on this car, he gave the signal to go ahead, and walked past plaintiff to the rear of the platform to pull the trolley rope, and thus regulate the upper pressure of the trolley, while making the switch; that plaintiff was standing on the platform in close proximity to the motor-box and steadying himself by holding on to it with one hand; that the car started from the easterly track at about half speed which was quickly increased to nearly full speed as it approached the westerly track; that, as the front trucks of the car entered upon the south-bound track, there was a jolting which caused plaintiff to step forward, and then, when the rear trucks struck the south-bound track, there was a sudden jerk or lurch which threw him bodily from the car platform. This testimony was largely corroborated by a witness, one Huck, called on behalf of plaintiff.

From the testimony it appeared that there was but one passenger in the car, and, accordingly, defendant claims, that there was no necessity for plaintiff to remain on the platform; and contends that he was guilty of contributory negligence in thus remaining on the platform after the car had started. The motorman, Daly, the conductor, Dice, and the passenger within the car, Mrs. Annie Bergman, all testified that, at the time of the accident, the car was not running at a high rate of speed, and that none of them noticed any jolting, lurching or pitching of the car more than would be ordinarily felt when the car was being driven over the switch. The motorman testified that the speed-lever was open only to the first notch, and also that in the trolley wire over the switch there was a space of about 20 feet from which the current or power was cut off by a circuit-breaker. He further testified that, if cars were allowed to run at full speed over the switch, they would, upon striking the south-bound track, be derailed.

Appellant seeks a reversal upon the contentions that it was not guilty of negligence, and that the plaintiff was guilty

of contributory negligence; and it also contends that the verdict was excessive.

It is appellant's contention that the conduct of the plaintiff in remaining upon the platform of the car, when there was ample room inside, constituted such contributory negligence on his part as would prevent a recovery. In this state the law is well settled that it is not negligence *per se* for a passenger to stand on the platform of a moving street car. That fact, in a case of this kind, must be taken and considered by the jury, with other facts and circumstances as bearing upon the question of contributory negligence, which is essentially a question of fact for the jury. Under the circumstances detailed in the evidence of plaintiff, we cannot say that the jury were wrong in finding that the acts of plaintiff did not constitute contributory negligence.

It being conceded that appellee was a passenger upon the car in question, the law of this state places upon the carrier a high degree of care for his safety. Indeed, common carriers in this state, in their relations to passengers, are required to exercise the highest degree of care consistent with the proper conduct and management of its business. There can be no reasonable doubt, we think, from the evidence in this case that plaintiff was thrown from the car. It is also evident that the liability to bring about this result would be increased as the speed of the car, in making the switch, was increased. The motorman admits that he was aware that a certain swinging or lurching of the car would occur as the car was switched from one track to the other, and that knowledge imposed upon him the requirement of moving the car slowly enough to insure the safety of passengers properly upon it. The mere fact that the conductor, who stood upon the same platform with appellee, was not thrown off is by no means conclusive in favor of appellant's contention. The conductor was accustomed to the lurching of the car at this switch, and knew just when to expect it. In taking hold of the trolley rope when the car struck the westerly track he would be likely to assume a position which would considerably steady him. Nor would the fact that the passenger inside of the car did

not observe jolting or lurching more severe than would ordinarily occur be conclusive. Such passenger might well be so engaged in thought or some other occupation as not to observe closely the jolting of the car.

The two questions in this case are whether or not appellant was guilty of negligence in the operation of its car, and whether or not appellee was guilty of contributory negligence and both are questions of fact for the jury. The testimony introduced on behalf of plaintiff if taken alone would be amply sufficient to sustain the verdict, and, while the evidence on behalf of appellant contradicts in many particulars that offered by appellee, yet, in considering the record before us, we must take into account the fact that the jury, in reaching its verdict, and the trial court, in passing upon the motion for a new trial, were in a much better position to pass upon the credibility of the witnesses and the weight to be given their testimony than a court of review can be.

Now can we say that the verdict is excessive? Taking into account the testimony on behalf of plaintiff as to his former earning capacity, the extent of his injury, and his reduced earning capacity as a result, together with the physical pain and suffering endured, we cannot say that $1,400 constitutes too large a verdict, if the defendant is liable at all.

Having fully considered the evidence, we cannot say that the verdict and judgment of the court below were erroneous, and the judgment will, therefore, be affirmed.

*Affirmed.*